IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ROBERTO PEREZ | § | |
| VS. | § | CIVIL ACTION NO.   1:22-CV-115 |
| JANICE HANSON, ET AL. | § | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Roberto Perez, a prisoner confined at the Gib Lewis Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983.

Discussion

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose. However, under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

Plaintiff complains about incidents that took place at the Gib Lewis Unit, which is located in the Lufkin Division of the United States District Court for the Eastern District of Texas. However, this case was filed in the Beaumont Division. The court has considered the circumstances and determined that the interests of justice would be served if the complaint were transferred to the division in which the claims arose. It is accordingly

**ORDERED** that this civil rights action is **TRANSFERRED** to the Lufkin Division of the United States District Court for the Eastern District of Texas.

SIGNED this 23rd day of March, 2022.

_____
Zack Hawthorn
United States Magistrate Judge